# U.S. District Court

## District of Massachusetts

Docket Number:  1:14-cv-10239-PBS

Kaveh L. Afrasiabi,

    Plaintiff,          )

Vs.                       )

                       )

Tamerlan Awad          )

Christine Moser         )

Alexandra Moser,        )

Cambridge Police Department   )

Officer Ann Dimascio      )

Officer John Crowley      )

Anonymous Cambridge Police   )

Officers,                 )

City of Cambridge        )

    Defendants         )

## PLAINTIFF'S AMENDED COMPLAINT

## CIVIL ACTION:

This is a civil action for defamation, malicious prosecution, false arrest and imprisonment, and conspiracy to violate civil rights pursuant to the federal rules of civil procedure and the relevant statutes, stemming from the unlawful conduct of the Defendants complained herein.   Plaintiff Afrasiabi seeks judicial relief for damages to him and his reputation, the systematic pattern of abuse of his civil and constitutional rights, and the intended and unintended infliction of emotional and non-emotional harm to him by the Defendants, hereby requesting a trial by jury and a minimum award of 25000,000.00 (twenty five million dollars).

Jurisdiction

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

**Parties**

1. Tamerlan Awad is a citizen of state of Israel who, per information known to the Plaintiff, presently resides in Israel and travels to the United States frequently with the intention of acting as informant for Israel's secret service with respect to the Palestinian community in the United States.
2. Christine Moser is an individual person who is a resident of Bedford, New Hampshire.
3. Alexandra Moser is an individual person who is a resident of Bedford, New Hampshire.
4. Ann Dimascio is a police officer at Cambridge Police Department.

5. John Crowley is a police officer at Cambridge Police Department.

6. Anonymous Cambridge Police Officer #1, is the driver of Police van on June 28, 2010.

7. Anonymous Cambridge Police Officer #2, is the other police officer in Police van on June 28, 2010.

8. At all times material to this Complaint, Defendants Officer Dimascio, Officer Crowley, and the anonymous police officers named as Defendants herein acted toward plaintiff with malice under color of the statutes, ordinances, customs, and usage of the State of Massachusetts, City of Cambridge, and the Cambridge Police Department.

9. Cambridge Police Department is a subsidiary entity of City of Cambridge.

10. Kaveh Afrasiabi, Ph.D. is a former political science faculty at Boston University, Framingham State College, and Tehran University, former consultant to UN's Program on Dialogue Among Civilizations, author of several books and hundreds of scholarly articles and opinion articles in the prestigious newspapers and journals in the United States, Germany, China, Russia, Iran, England, and elsewhere around the world. Afrasiabi is the founder and director of an NGO, Global Interfaith Peace, and a former consultant for CBS' "60 Minutes" program. Afrasiabi has been a resident of state of Massachusetts since 1974 and is a graduate of Thayer Academy and Boston University, Ph.D. in political science. Afrasiabi is also a former adviser to Iran's nuclear negotiation team (2004-2005) and has also provided advice to the United States government on the subject of Iran nuclear program, as confirmed in the letter of Congressman Dennis Kucinich to President Barack Obama citing Afrasiabi's contributions on this matter. Afrasiabi has made numerous TV appearances as a Middle East expert.

Afrasiabi has no criminal record.

## Statement of Facts

1. Cambridge Police has repeatedly engaged in outrageous unlawful conduct against the Plaintiff, reflecting a pattern of police misconduct resulting in clear violations of Plaintiff Afrasiabi's human and constitutional rights, beginning with Afrasiabi's false arrest and overnight incarceration by Cambridge Police in June 2010, with the lame excuse that there was an arrest warrant for Afrasiabi regarding an unpaid 1986 motor vehicle fine. Afrasiabi was denied the right to make a phone call when in Cambridge Police custody

and the next day suffered a severe head injury while being transported to court, requiring months of medical care. The charges against Afrasiabi were dismissed and a judge stated the record clearly showed Afrasiabi had paid the fine back in May, 1986 and there was no basis for his arrest. *See Exhibit 1.* Subsequently, City of Cambridge agreed to cover $25000.00 of Afrasiabi's medical expense.

2. Exactly one year later, in June, 2011, Cambridge Police brought another frivolous complaint against Afrasiabi, i.e., of making annoying phone calls and repeatedly sending texts to Christine and Alexandra Moser. *See the Application for Criminal Complaint identified herein as Exhibit3.* Also, Defendants accused Afrasiabi of stalking Alexandra Moser on March 1, 2010.

3. In , Cambridge Police subjected Afrasiabi to arrest and two nights incarceration, accusing him of intimidating a witness, Christine Moser, by sending a letter solely expressing his intent to sue her "after consultation with" his attorney and in light of Moser's telephone records showing the absence of any calls/texts by Afrasiabi. Afrasiabi had sent the letter to Christine Moser after hearing from the Camrbidge DA, Meagan Williams, at the court hearing in October, 2012 that the Commonwealth would not be using Christine Moser as a witness. Afrasiabi had simply excercised his constitutional rights and, yet, was subjected to the torments of a false arrest/internment instead by the Defendants at Cambridge Police.

4. On October 7, 2014, all the criminal charges against Afrasiabi above-mentioned were dismissed in Cambridge District Court. *Exhibits 4-5.* Afrasiabi was cleared of any wrongdoing and was fully exonerated after enduring four years of pre-trial proceedings that were quite financially costly to him and his family.

5. Afrasiabi's exoneration was the culmination of a long and extensive discovery process, whereby Afrasiabi was able to establish the total falsity of all the allegations against him by the Defendants including the following: (a) Absence of any evidence of even a single text message sent by Afrasiabi to either Christine Moser or Alexandra Moser; (b) absence of any evidence of even one single call to Christine Moser by Afrasiabi, per the telephone record of Christine Moser subpoenaed by court; (c) absence of any evidence of even one single phone call by Afrasiabi to Alexandra Moser after the termination of her work for him in early May, one month prior to the complaint against him; (d) extensive other

evidence including e-mails authenticated by Alexandra Moser reflecting a non-harassing and consensual pattern of interaction over several months; (e) evidence that Defendant Awad had played a central role in using Defendants Alexandra Moser and Christine Moser as patsy to level false charges against Afrasiabi.

6. Officers of Cambridge Police herein named as Defendants knew or should have known that the allegations against Afrasiabi by Alexandra and Christine Moser were completely baseless and fabricated. They did not bother to interview Afrasiabi before filing the application for criminal complaint against him, contrary to the standard operating procedure at Cambridge Police. Nor did these Defendants bother to examine the veracity of allegations against Afrasiabi by requesting to see any purported text, telephone record and or telephone message, e-mail, and the like. As a result of such flagrant disregards for the fundamental principles of police investigation, and by adopting the false allegations against Afrasiabi as facts and commencing his prosecution without prior interview with Afrasiabi, Defendants affiliated with Cambridge Police in effect acted in concert with the other Defendants in their conspiracy to violate Afrasiabi's civil rights

7. The false allegations of Christine Moser and Alexandra Moser above-mentioned constitute actionable tort under the color of state law, in light of the involvement of Cambridge Police acting as state functionaries.

8. Afrasiabi states that the sole purpose of the outrageous and defamatory false statements by Christine Moser was to falsely accuse Afrasiabi of an unlawful conduct and thus to cause his false prosecution and thereby to deprive him of his civil and human rights.

9. Afrasiabi further states that Defendant Christine Moser's other intention was to create an alibi for Alexandra Moser, who at the time was named as a defendant in a small claim law suit initiated by Afrasiabi in Waltham District Court. Subsequently, in October, 2011, Alexandra Moser certified the just complaint by Afrasiabi by agreeing to return an expensive jewelry which she had borrowed and refused to return to Afrasiabi. Moser returned the said item through Cambridge police in October, 2011.

10. Afrasiabi further states that Defendants' intention of defaming Afrasiabi was to render assistance to Tamerlan Awad, with the intention of silencing Afrasiabi, who has been a vocal critic of Israel's policy of settlement expansion and violation of rights of

Palestinians. Afrasiabi has a long track record in defense of the rights of Palestinian people.

11. Afrasiabi further states that the Defendants Moser and Awad motives converged with the motives of Defendants at Cambridge Police, who were incensed by Afrasiabi's prior public criticisms of Cambridge Police in the aftermath of the June 2010 incident mentioned above.  Cambridge Police officers herein named as Defendants acted maliciously and with wanton disregard for truth by commencing criminal charges against him without a proper investigation, as a result of which Afrasiabi was subjected to a lengthy criminal proceeding before all the charges were finally dropped in October, 2014.


## COUNT 1: MALICIOUS ABUSE OF PROCESS

Defendants maliciously used a "legal process `to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.


## COUNT 2: MALICIOUS PROSECUTION

Defendants instituted criminal process against the plaintiff with malice:

(a) Defendants Alexandra Moser and Christine Moser played an active part in the initiation of the criminal complaint;

(b) Officers Dimascio and Crowley played an active part in the initiation of the criminal proceedings by signing the criminal complaints against Afrasiabi and by causing the false arrest and imprisonment of Afrasiabi. The police reports by these Defendants were attached to the Criminal Complaint. These reports failed to satisfy the requirement of Probable Cause in the Commonwealth of Massachusetts which requires the complaint to set forth "reasonably trustworthy information sufficient to warrant a reasonable or

prudent person in believing that the defendant had committed the offense."
*Commonwealth vs. Stevens,* 362 Mass. 24, 26 (1972).


## COUNT 3: <u>VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY</u>

As a result of their concerted unlawful and malicious conspiracy of Defendants above-mentioned Afrasiabi was falsely accused and subjected to a lengthy criminal proceeding, as well as deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

(a) The Cambridge Police report dated June 7, 2011 alleges that Defendants Christine Moser and Alexandra Moser were being harassed by Afrasiabi via texts and phone calls "over the past few months," that Afrasiabi would call the two women "many, sometimes dozens of times a day for several weeks," and that this was "on-going."

(b) All the above allegations in (a) were false and the criminal complaint against Afrasiabi was resolved in his favor, partly as a result of discovery that proved the utter falsehood of the above-said allegations against Afrasiabi.

(c) Defendants Cambridge Police officers' participation in the conspiracy can be inferred from their complete obliviousness to the lack of any evidence of texts and phone calls made by Afrasiabi as alleged and their willingness to initiate the prosecution of Afrasiabi without bothering to hear his side of story as mandated by Cambridge Police standard operating procedure.

(d) Defendant Dimascio in her follow-up report dated 6/17/2011 states that he (Afrasiabi) "continues to text Ms. Moser's mother and Ms. Moser." Yet, not one single text is mentioned in any of the police reports. Subsequent discovery of telephone records/texts showed the absence of any texts sent by Afrasiabi to either woman. Officer Dimascio's failure to ask the two women in question to show her Afrasiabi's texts to them is inexplicable save the frame of malice and intent to engage in conspiracy against Afrasiabi to cause him suffer the indignity of criminal charges against him. Afrasiabi

was interviewed by Cambridge Police only after he approached the Internal Affairs Department of Cambridge Police and complained about the frivolous criminal complaint against him.

## COUNT 4: <u>FALSE ARREST AND IMPRISONMENT</u>

Cambridge Police Defendants on two occasions in 2010 and 2014 caused the wrongful arrest and imprisonment of Plaintiff Afrasiabi, knowing that Afrasiabi was innocent of the charges against him in each case.

## COUNT 5: <u>ASSAULT</u>

Cambridge Police Defendants, Anonymous Officers #1 and #2 intentionally inflicted bodily harm on Plaintiff Afrasiabi while Afrasiabi was in their police van and being taken to court on June 28, 2010.

## COUNT 6: <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

Defendants intentionally and deliberately inflicted emotional distress on Afrasiabi by maliciously prosecuting Afrasiabi, or by abusing the lawful process by unlawful purpose, or by violating Afrasiabi's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against Afrasiabi, or by interfering with Afrasiabi's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

## COUNT 7: <u>UNINTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

Defendants unintentionally and recklessly inflicted emotional distress on Afrasiabi by maliciously prosecuting Afrasiabi, or by abusing the lawful process by unlawful purpose, or by

violating Afrasiabi's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against Afrasiabi, or by interfering with Afrasiabi's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

## COUNT 8: DEFAMATION OF CHARACTER

Defendants knowingly and maliciously acted in concert to cause the Plaintiff Afrasiabi's defamation of character by leveling false charges against him and subjecting him to the trials and tribulations of a criminal proceeding against him.

WHEREFORE, Plaintiff demands judgment against Defendants for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate. Plaintiff states that a total amount of $25000.00 is a just compensation for the egregious wrongful actions complained of herein. Defendants City of Cambridge and Cambridge Police Department are liable under the doctrine of respondeat superior.

PLAINTIFF AFRASIABI DEMAND A TRIAL BY JURY.

Respectfully Submitted,

Kaveh L. Afrasiabi, Pro Se

377 Arlington Street

Watertown, MA 02472

Telephone Number: 650-814-2690