UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| KAVEH L. AFRASIABIA, | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAMERLAN AWAD, CHRISTINE | ) | |
| MOSER, ALEXANDRA MOSER, | ) Civil Action No.: 1:14-CV-10239-PBS | |
| CAMBRIDGE POLICE DEPARTMENT, | ) | |
| OFFICER ANN DIMASCIO, | ) | |
| OFFICER JOHN CROWLEY, | ) | |
| ANONYMOUS CAMBRIDGE POLICE | ) | |
| OFFICERS, and CITY OF CAMBRIDGE, | ) | |
|      Defendants. | ) | |

---

**DEFENDANT CITY OF CAMBRIDGE'S LIMITED OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE:
DEFENDANT CITY OF CAMBRIDGE'S MOTION TO DISMISS**

The Defendant City of Cambridge ("City") hereby submits this Limited Objection to

Magistrate Judge Bowler's, U.S.M.J., September 14, 2015 Report and Recommendation

("Report") (Docket No. 97) regarding the City's Motion to Dismiss (Docket No. 52) ("Motion")

the claims asserted against it by the Plaintiff Kaveh L. Afrasiabia ("Plaintiff") in Counts 1 through

8 of the Amended Complaint ("Complaint").  In its Motion, the City sought the dismissal of these

counts pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be

granted.[1]  The Report, however, held that a negligence claim exists in Count 7 and recommended

that the District Court deny the City's Motion with respect to this claim.

---

[1] Docket No. 52 also included a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process on behalf of the Defendants Officer John Crowley ("Crowley") and Officer Ann Dimascio ("Dimascio").  Dimascio and Crowley are not objecting to the Report's recommendation with respect to the Fed. R. Civ. P. 12(b)(5) Motion to Dismiss that is part of Docket No. 52.  Crowley and Dimascio also are not objecting to the Report's recommendation with respect to their Fed. R. Civ. P. 12(b)(5) Motion to Dismiss that is part of Docket No. 37.

As grounds in support of this Limited Objection, the City states:

A. The Report, at a Minimum, Should Have Recommended that Count 7 of the Complaint be Dismissed with Respect to the City to the Extent that It Alleges Intentional Torts as the City is Immune from Liability for Intentional Torts Pursuant to G.L. c. 258, § 10(c).

In further support of this Limited Objection, the City states the following:

## BACKGROUND

In his Complaint, the Plaintiff asserts the following eight (8) counts against the City and other Defendants (Crowley, Dimascio, the Cambridge Police Department, Tamerlan Awad, Christine Moser, Alexandra Moser and two (2) anonymous Cambridge Police Officers): (1) malicious abuse of process; (2) malicious prosecution; (3) violations of 42 U.S.C. § 1983: conspiracy; (4) false arrest and imprisonment; (5) assault; (6) intentional infliction of emotional distress; (7) unintentional infliction of emotional distress; and (8) defamation of character.[2]

The Complaint generally alleges that these claims arise out of multiple instances of unlawful conduct by the Defendants between 2010 and 2014. Namely, the Plaintiff claims that he was "false[ly] arrest[ed]" and "incarcerat[ed]" by the "Cambridge Police" on June 27, 2010, and that he was injured by two (2) anonymous Cambridge Police Officers the next day while being transported to a court hearing. (See Dk. No. 27, Pl.'s Compl., p. 3-4, 8.) Second, the Plaintiff claims that a "frivolous" criminal complaint was brought against him in Cambridge District Court on June 17, 2011 as a result of him allegedly "making phone calls and repeatedly sending texts to Christine [Moser] and Alexandra [Moser]". (See id. at p. 4.) The exhibits attached to the Complaint indicate that this criminal complaint was later dismissed without prejudice on October

---

[2] The Complaint does not specify which counts are asserted against whom and as a result, for the purposes of the Motion **only**, it was assumed that all of these counts were asserted against each of the Defendants.

7, 2014 due to the Commonwealth of Massachusetts' "failure to prosecute". (See id. & Ex. 4 and 5.)

The City moved to dismiss Counts 1, 2, 4, 5, 6, 7 and 8 on the grounds that these claims allege intentional torts, which the City is immune from liability for pursuant to G.L. c. 258, § 10(c). (See Dk. No. 53, City's MTD Mem., p. 11-13.)  The City also moved to dismiss Count 3 on the grounds that it cannot be liable for the Plaintiff's alleged civil rights claim as the Complaint does not allege an unconstitutional policy or custom.  (See id. at p. 21-25.)

The Report recommended the dismissal of Counts 1, 2, 3, 4, 5, 6, and 8 pursuant to Fed. R. Civ. P. 12(b)(6) with respect to the City.[3]  (See Dk. No. 97, Rep. & Rec., p. 11-13, 15-25, 45.)  The Report, however, held that a negligence claim exists in Count 7 and recommended that the District Court deny the City's Motion with respect to this claim.  (See id. at p. 13-14.)

## DISCUSSION

### A. Standard of Review for Objection to Magistrate Judge's Report and Recommendation.

A party adversely affected by a magistrate judge's report and recommendation on a dispositive motion may file an objection to the report and recommendation within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  The district court applies a *de novo* standard of review when reviewing a magistrate judge's report and recommendation on a dispositive motion; Ouellette v. Union Tank Car Co., 902 F. Supp. 5, 8 (D. Mass. 1995); and is not required to give deference to the magistrate judge's conclusion.  Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 6 (D.R.I. 2004).  When reviewing a magistrate

---

[3] The Report also recommended the dismissal of the Plaintiff's claims against the City to the extent they arise out of the 2010 incident as these claims are barred by the relevant statute of limitations. (See Dk. No. 97, Rep. & Rec., p. 15-21, 45.)

judge's report and recommendation on a dispositive motion, the district court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Office of Child Advocate v. Lindgren, 296 F. Supp. 2d 178, 183 (D.R.I. 2004) (quoting Fed. R. Civ. P. 72(b)).

**B. The Report, at a Minimum, Should Have Recommended that Count 7 of the Complaint be Dismissed with Respect to the City to the Extent that It Alleges Intentional Torts as the City is Immune from Liability for Intentional Torts Pursuant to G.L. c. 258, § 10(c).**

As noted in the City's Memorandum of Law in support of its Motion, pursuant to G.L. c. 258, § 10(c), "municipalities are not liable for 'any claim arising out of an intentional tort'". Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 596 (2001) (quoting G.L. c. 258, § 10(c)); see Nelson v. Salem State College, 446 Mass. 525, 537 (2006) (citing G.L. c. 258, § 10(c)) ("Intentional torts are expressly exempted from the Act, and therefore a public employer cannot be sued for its employee's intentionally tortious conduct.").

Count 7 of the Complaint alleges a claim for "unintentional infliction of emotional distress", and in support of this count, the Complaint alleges:

> Defendants unintentionally and recklessly inflicted emotional distress on [the Plaintiff] by **maliciously prosecuting** [the Plaintiff], or **by abusing the lawful process by unlawful purpose**, or by violating [the Plaintiff's] constitutional rights, or by **falsely arresting and imprisoning** the plaintiff, by **conspiring** against [the Plaintiff], or by interfering with [the Plaintiff's] state civil rights by **threats, coercion, or intimidation**, or knew or should have known that emotional distress was the likely result of their conduct.

(Dk. No. 27, Pl.'s Compl., p. 7-8 (emphasis added).)

In its Memorandum of Law, the City asserted that although the Plaintiff captioned Count 7 as "unintentional infliction of emotional distress", the allegations supporting Count 7 reference intentional conduct. (See Dk. No. 53, City's MTD Mem., p. 12.) More specifically, some of the allegations contained in Count 7 essentially restate the claims asserted in Count 1 (malicious abuse

4

of process), Count 2 (malicious prosecution) and Count 4 (false arrest and imprisonment), which, as the Report properly noted, are intentional torts.  (<u>See</u> Dk. No. 97, Rep. & Rec., p. 11-13.)  Thus, despite the manner in which the Plaintiff captioned this count, it alleges multiple intentional torts. <u>See</u> <u>Quinn v. Walsh</u>, 49 Mass. App. Ct. 696, 704 (2000) ("We are not bound by the label they have ascribed to the facts alleged . . . but look to the allegations themselves to determine the cause of action."); <u>see also</u> <u>Westport Ins. Corp. v. Napoli, Kaiser & Bern</u>, 746 F. Supp. 2d 502, 508 (S.D.N.Y. 2010) ("It is well settled that labels placed on allegations are not controlling.  It matters not what name a plaintiff gives to its cause of action: the substance of the factual allegations overrides the form.").

As the City cannot be liable for intentional torts pursuant to G.L. c. 258, § 10(c), the Report, at a minimum, should have recommended the dismissal of the claims asserted in Count 7 with respect to the City to the extent that intentional torts are alleged in this count, instead of only holding that a negligence claim exists within Count 7 and recommending the denial of the City's Motion with respect to this count.[4]  The Report's recommendation would produce a result that is contrary to the law.  Namely, the Plaintiff would be allowed to pursue intentional tort claims against the City, which is expressly prohibited by G.L. c. 258, § 10(c).  Accordingly, this Court

---

[4] The City also asserted in its Memorandum of Law that the allegations supporting Count 7 also allege reckless conduct and thus, Count 7 should be treated as a claim for reckless infliction of emotional distress, which Massachusetts courts have explicitly recognized is an intentional tort for the purposes of G.L. c. 258.  <u>See</u> <u>Tilton v. Town of Franklin</u>, 24 Mass. App. Ct. 110, 112-13 (1987) (holding reckless infliction of emotional distress is an intentional tort for purposes of G.L. c. 258, § 10(c)).  The Report, however, stated that recklessness may also be considered negligent conduct, and cited <u>Parker v. Chief Justice For Admin. And Management of Trial Court</u>, 67 Mass. App. Ct. 174, 180-81 (2006) (citing <u>Forbush v. City of Lynn</u>, 35 Mass. App. Ct. 696, 699 (1994)) for this proposition.  (<u>See</u> Dk. No. 97, Rep. & Rec., p. 14.)  The Report's reliance on <u>Parker</u> and <u>Forbush</u> in this context is misplaced as the Appeals Court has recognized that the tort of reckless infliction of emotional distress is an intentional tort for the purposes of G.L. c. 258, and is an exception to the rule recognized in <u>Forbush</u> that recklessness is considered to be negligent conduct under the statute.  <u>Barrows v. Wareham Fire District</u>, 82 Mass. App. Ct. 623, 627 n. 3 (2012).

should modify the Report and dismiss Count 7 with respect to the City to the extent that this count alleges claims for intentional torts.

## **CONCLUSION**

**WHEREFORE**, for all the above reasons, the Defendant City of Cambridge respectfully requests that this Court modify the Report and dismiss Count 7 of the Complaint with respect to the City to the extent that this count alleges claims for intentional torts, and grant such other relief as appropriate.

Respectfully submitted,

The Defendant,
City of Cambridge,

By their Attorney,

Dated: September 28, 2015          **/s/ Sean M. McKendry**
_____
Sean M. McKendry (BBO # 678844)
Cambridge Law Department, City Hall
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
smckendry@cambridgema.gov

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the following individual via ECF and first class mail:

Kaveh L. Afrasiabia
377 Arlington Street
Watertown, MA 02472

Dated: September 28, 2015

**/s/ Sean M. McKendry**

_____

Sean M. McKendry


I hereby certify that a true copy of the above document was served upon counsel for Alexandra Moser and Christine Moser via ECF:

Douglas S. Brooks
LibbyHoopes, P.C.
399 Boylston Street, Suite 200
Boston, MA 02116

Dated: September 28, 2015

**/s/ Sean M. McKendry**

_____

Sean M. McKendry