UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                     )
KAVEH L. AFRASIABIA,                 )
                                     )
                Plaintiff            )
                                     )
v.                                   )   Civil Action No.
                                     )      14-10239
                                     )
TAMERLAN AWAD, CHRISTINE MOSER,      )
ALEXANDRA MOSER, CAMBRIDGE POLICE    )
DEPARTMENT, OFFICER ANN DIMASCIO,    )
OFFICER JOHN CROWLEY, ANONYMOUS      )
CAMBRIDGE POLICE OFFICERS, and       )
CITY OF CAMBRIDGE,                   )
                Defendants           )
                                     )
_____)
```

September 29, 2015

Saris, C.J.

**ORDER**

The *pro se* plaintiff, Kaveh Afrasiabia, brought suit against the City of Cambridge and others, alleging eight counts of civil rights violations and various torts (Docket No. 27). The defendants moved to dismiss (Docket Nos. 37, 52). The magistrate judge recommended that the motion to dismiss be allowed as to all but Count VII, which alleges the unintentional and reckless infliction of emotional distress. The City filed an objection, arguing that recklessness amounts to intentionality

1

under G. L. c. 258 and that it is immune from suits alleging intentional torts under G. L. c. 258, § 10(c).

The City's objection (Docket No. 99) is **OVERRULED** without prejudice. *Pro se* complaints are to be construed liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976). In Count VII, the plaintiff alleges the unintentional infliction of emotional distress. With regard to reckless conduct, there appears to be some tension in the Appeals Court case law. Compare Parker v. Chief Justice for Admin. & Management of Trial Court, 67 Mass. App. Ct. 174, 180 (2006) ("For purposes of G.L. c. 258, recklessness is considered negligent, rather than intentional, conduct.") and Forbush v. Town of Lynn, 35 Mass. App. Ct. 696, 700 (1994) (holding that reckless municipal conduct does not fall within the intentional tort municipal exclusion of G.L. c. 258, § 10(c)), with Tilton v. Town of Franklin, 24 Mass. App. Ct. 110, 112-13 (1987)(equating reckless infliction of emotional distress with intentional infliction of emotional distress). The court will address this issue on a motion for summary judgment.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge